OPINION OF THE COURT
STEVEN D. ROBINSON, Judge.
In this non-jury trial, prior to the Judge’s decision that the appellant *159 was guilty of careless driving and willfully fleeing a police officer, the state introduced into evidence, evidence of defendant’s prior driving record, clearly inadmissible under Williams v. State, 110 So.2d 654 (Fla. 1959(. Such action on the part of a prosecutor is grounds for a new triál. Robinson v. State, 487 So.2d 1040 (Fla. 1986). Knight v. State, 316 So.2d 576 (Fla. 1st DCA 1975).
The State’s proffer of evidence under the particular circumstances of this case generated fundamental error. Sherman v. State, 255 So.2d 263 (Fla. 1971). The defendant was not represented, as are most defendants in traffic court. The introduction of the prejudicial evidence was done so smoothly that even if an objection had been raised, irreversible damage would have already been done. Wilson v. State, 294 So.2d 327 (Fla. 1974).
Reversed and remanded for a new trial.