552 So.2d 1082 (1989)
Rufus E. STEVENS, Appellant,
v.
STATE of Florida, Appellee.
Rufus E. STEVENS, Appellant,
v.
STATE of Florida, Appellee.
Rufus E. STEVENS, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
Nos. 68581, 69112 and 70955.
Supreme Court of Florida.
October 5, 1989.
Rehearing Denied December 19, 1989.
Oren Root, Jr. and Patrick M. Wall, New York City, for appellant/petitioner.
Robert A. Butterworth, Atty. Gen., and Kenneth Muszynski and Bradford L. Thomas, *1083 Asst. Attys. Gen., Tallahassee, for appellee/respondent.
PER CURIAM.
Rufus E. Stevens appeals the denial of an amended motion for postconviction relief[1] filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, and appeals the denial of his motion for reimbursement of costs in connection with the death sentence imposed on him. He also petitions this Court for a writ of habeas corpus challenging the assistance of counsel he received on direct appeal. We have jurisdiction. Art. V, §§ 3(b)(1), (9), Fla. Const.
Stevens was convicted of murder on July 20, 1979. Judge John Santora sentenced Stevens to death on August 17, 1979, overriding the jury recommended sentence of life imprisonment. On direct appeal this Court affirmed both the judgment and sentence. 419 So.2d 1058. After review by the United States Supreme Court was denied, Stevens sought clemency from his death sentence.[2]
The primary issues raised at the rule 3.850 hearing involved the alleged ineffective assistance of Stevens' counsel at trial and during sentencing.[3] Stevens also moved to disqualify Judge Santora from conducting the postconviction hearing because of the potential for bias in Stevens' case due to Judge Santora's long, close, personal friendship with the court-appointed attorney and because of his opposition to clemency for Stevens. Another motion was filed requesting reimbursement for out-of-pocket expenses incurred during postconviction proceedings by Stevens' counsel. Judge Santora denied Stevens' motion for postconviction relief, the motion to disqualify himself, and the motion for reimbursement of costs.

Rule 3.850 Motion
Stevens' appeal of the denial of his rule 3.850 motion raises numerous allegations of ineffective assistance of counsel received at trial and during sentencing. Only three of Stevens' claims merit discussion.[4]
First, Stevens argues that during the guilt phase, his trial counsel was ineffective for failing to object to the introduction of prejudicial hearsay testimony given by state witness Nathan Hamilton recalling an admission made by Stevens' codefendant, Gregory Engle. As part of Hamilton's testimony, he made the following statement:
I asked him [Engle] why they did it and he said that they took her out of the store to get her away from a phone. They took her out into the country and Rufus went crazy and started saying she's going to identify us. And I asked him, I said, man, was it worth killing a little gal over a lousy fifty-dollar robbery and he said no, it wasn't.
Stevens contends that without this statement, the jury had no evidence to connect him with the killing. Therefore, Stevens argues, trial counsel's failure to object to the introduction of this statement denied him his constitutional right to effective assistance of counsel. We disagree.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court established a two-prong test for determining claims of ineffective assistance of counsel. First, the petitioner must show that, when applying a standard of reasonableness, counsel's performance was deficient. Second, *1084 the petitioner must demonstrate that the deficient performance affected the outcome of the trial proceedings.
From Stevens' own confession there was evidence that Stevens was involved in the kidnapping and murder of the victim. According to Stevens, he directly participated in robbing, kidnapping, and raping the victim. Stevens did state, however, that it was Engle who actually committed the murder. Nonetheless, Stevens was a major participant in a crime that necessarily contemplates the use of lethal force. Thus, the jury could have concluded, notwithstanding Hamilton's statement, that Stevens was involved in the murder of the victim.
As the state concedes, trial counsel's objection to the introduction of Hamilton's statement would have been sustained under section 90.804(2)(c), Florida Statutes (1979), prohibiting the admission against an accused of confessions and other inculpatory statements of codefendants. However, as we have previously held, "[w]hether to object is a matter of trial tactics which are left to the discretion of the attorney so long as his performance is within the range of what is expected of reasonably competent counsel." Muhammad v. State, 426 So.2d 533, 538 (Fla. 1982), cert. denied, 464 U.S. 865, 104 S.Ct. 199, 78 L.Ed.2d 174 (1983). Trial counsel's testimony at the evidentiary hearing was that his trial strategy was directed at obtaining a sentence less than death for his client. Toward that end, trial counsel viewed Hamilton's statement as placing greater culpability on Stevens' codefendant by portraying him as the more rational actor and decisionmaker. At the same time, trial counsel viewed Hamilton's statement as essentially cumulative of Stevens' confession and the other evidence. This strategy was plausible, particularly since Hamilton's retelling of Engle's admission corroborated the elements of Stevens' confession which portrayed him in a limited role and as not being in control.
Even assuming, for the sake of argument, the trial counsel was deficient for failing to object to the introduction of the statement, we do not believe Stevens has shown that this alleged error was so serious as to create a reasonable probability that the outcome of the trial proceedings would have been different in view of the other evidence. Therefore, we do not find Stevens' trial counsel was ineffective for failing to object to Hamilton's statement under the standards enunciated in Strickland v. Washington.
Stevens' second claim of ineffective assistance of counsel concerns the grounds asserted for seeking to exclude his confession. Trial counsel moved to suppress Stevens' statement pursuant to the Florida Constitution and the fifth, ninth, and fourteenth amendments of the United States Constitution. Specifically, trial counsel asserted that the confession was inadmissible because it was given under duress, and Stevens' failed to make a knowing and intelligent waiver of his right to remain silent and his right to counsel. Stevens now contends trial counsel was ineffective for failing to challenge the admission of Stevens' confession on the fourth amendment ground that he was arrested in his home without a warrant absent exigent circumstances.
At the time Stevens' trial took place in 1979, Florida case law authorized a warrantless arrest of a person in his or her home based on probable cause. State v. Perez, 277 So.2d 778 (Fla.), cert. denied, 414 U.S. 1064, 94 S.Ct. 570, 38 L.Ed.2d 468 (1973). See also State v. Jennings, 396 So.2d 1231 (Fla. 4th DCA 1981), review denied, 446 So.2d 100 (Fla. 1984); Reis v. State, 248 So.2d 666 (Fla. 3d DCA), cert. denied, 252 So.2d 798 (Fla. 1971). It was not until 1980 in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), that the United States Supreme Court rejected the Florida view[5] and held that it was unlawful to effect a routine felony arrest in a private residence absent exigent circumstances unless a warrant was obtained. Since this extension of fourth amendment law principles established in Payton occurred after Stevens' *1085 trial, his trial counsel cannot be deemed ineffective for failing to advance the argument before the decision was announced. We have previously stated that claims of ineffective assistance of counsel that place a duty upon defense lawyers to anticipate changes in the law are without merit. Muhammad, 426 So.2d at 538. We find that Stevens has failed to show that trial counsel's performance fell below the standards enunciated in Strickland v. Washington.
Next, we address Stevens' claim that trial counsel was ineffective during sentencing for failing to present mitigating evidence or make any arguments on Stevens' behalf to the trial judge. Although the jury returned a recommendation of life imprisonment, the trial judge informed trial counsel that he intended to override the jury recommendation and sentence Stevens to death. The trial judge found four aggravating factors[6] and no mitigating circumstances. Upon learning of the judge's intentions, trial counsel elected to make no arguments to the judge on behalf of Stevens in support of the life recommendation, and no evidence was presented in mitigation. As justification for his decision, trial counsel stated at the postconviction hearing that he did not believe he could persuade the trial judge to impose a life sentence, and, at any rate, he believed a life recommendation from the jury was a guarantee that this Court would overturn a death sentence if it was imposed.
"A jury's advisory opinion is entitled to great weight, reflecting as it does the conscience of the community... ." Holsworth v. State, 522 So.2d 348, 354 (Fla. 1988). Under the standard set forth in Tedder v. State, a trial judge may not override a jury recommendation of life unless "the facts suggesting a sentence of death are so clear and convincing that virtually no reasonable person could differ." 322 So.2d 908, 910 (Fla. 1975). If there is a reasonable basis in the record to support the jury's recommendation, an override is improper. Ferry v. State, 507 So.2d 1373, 1376 (Fla. 1987). In some instances, the presence of valid mitigating circumstances discernible from the record may be the decisive factor when determining whether a reasonable basis exists for the life recommendation. Id.; Francis v. State, 529 So.2d 670, 677 (Fla. 1988) (Barkett, J. dissenting). If it can be determined that the life recommendation was based on valid mitigating factors, then an override may be improper. Ferry v. State, 507 So.2d at 1376.
The record shows that substantial mitigation evidence would have been discovered had trial counsel conducted or arranged for a reasonable investigation into Stevens' background.[7] Testimony and affidavits presented to the trial court as part of the postconviction proceeding revealed that Stevens spent his childhood in poverty and neglect.[8] Additionally, while growing up he was physically abused and threatened *1086 with violence by both of his parents.[9] Further testimony revealed that later in life Stevens developed a serious drinking problem that worsened shortly before his arrest for this offense.
On the bright side, Stevens was portrayed as a responsible family man and as kind and generous to those who knew him.[10] On two separate occasions Stevens served in the United States Army and received an honorable discharge and a general discharge under honorable conditions upon completion of the terms of service. Although Stevens had a prior criminal record, his convictions were for misdemeanor offenses for which no jail time had been served.
It is well settled that evidence of family background and personal history may be considered in mitigation. Brown v. State, 526 So.2d 903, 908 (Fla.), cert. denied, ___ U.S. ___, 109 S.Ct. 371, 102 L.Ed.2d 361 (1988). See also Holsworth v. State, 522 So.2d at 354 (childhood trauma is a mitigating factor). Employment history and positive character traits are also relevant factors to be considered in mitigation since these factors may show potential for rehabilitation and productivity within the prison system. Holsworth, 522 So.2d at 354; Fead v. State, 512 So.2d 176 (Fla. 1987), receded from on other grounds, Pentecost v. State, 545 So.2d 861 (Fla. 1989); McCampbell v. State, 421 So.2d 1072 (Fla. 1982).
In the absence of any mitigating evidence, the jury considered the nature of the offense and the evidence before it, and was able to recommend a life sentence. "The jury could have concluded that Stevens participated in the robbery and rape, but that Engle was the sole perpetrator of the homicide."[11]Stevens v. State, 419 So.2d 1058, 1065 (Fla. 1982) (McDonald, J. concurring in part and dissenting in part), cert. denied, 459 U.S. 1228, 103 S.Ct. 1236, 75 L.Ed.2d 469 (1983). Had trial counsel made this argument or discovered any of the mitigating evidence and presented it to the jury, he could have argued these grounds to the trial judge as support for the life recommendation based on the principles enunciated in Tedder. When trial counsel fails to develop a case in mitigation, the trial court is prevented from considering whether the jury could have based its recommendation upon this aspect of the case. Although a trial judge may not believe the evidence presented in mitigation or find it persuasive, others may. Robinson v. State, 487 So.2d 1040, 1043 (Fla. 1986). It takes more than a difference of opinion for a trial judge to override a jury's life recommendation. Holsworth v. State, 522 So.2d at 354. The presentation of this mitigating evidence may have persuaded the trial judge that an override was unreasonable under the circumstances.
When determining if death is an appropriate penalty, the trial court must weigh the aggravating circumstances against any mitigating circumstances, State v. Bolender, 503 So.2d 1247, 1249 (Fla.), cert. denied, 484 U.S. 873, 108 S.Ct. 209, 98 L.Ed.2d 161 (1987), and can override the jury only based on specific written findings detailing this weighing process. § 921.141(3), Fla. Stat. (1987). A trial judge is permitted to determine the weight to be given the mitigating evidence, but a judge may not refuse to consider any relevant mitigating evidence presented. Eddings v. Oklahoma, 455 U.S. 104, 114, 102 S.Ct. 869, 877, 71 L.Ed.2d 1 (1982). The sentencing decision is to be made based on evidence *1087 which supports the aggravating and mitigating circumstances. Thus, when counsel fails to develop a case in mitigation, the weighing process is necessarily skewed in favor of the aggravating factors argued by the state. Francis v. State, 529 So.2d at 677 (Barkett, J. dissenting); Amazon v. State, 487 So.2d 8, 13 (Fla.), cert. denied, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986). Moreover, if the trial judge views the case as one without any mitigating circumstances when in fact those circumstances exist, then confidence in the trial judge's decision to reject the jury's recommendation is undermined. Porter v. Wainwright, 805 F.2d 930, 936 (11th Cir.1986), cert. denied, 482 U.S. 918, 107 S.Ct. 3195, 96 L.Ed.2d 682 (1987). At that point it cannot be said that no reasonable person could differ as to the appropriate penalty. Id.
Not only did trial counsel fail to develop a case in mitigation or to make any arguments on Stevens' behalf, he also made inexcusable misrepresentations regarding Stevens' background and criminal history during his penalty phase summation. In response to information presented by the prosecution, trial counsel wrongfully stated that Stevens had been dishonorably discharged from the service. Additionally, trial counsel countered incorrect information presented by the prosecution regarding Stevens' prior criminal record by misstating that Stevens had served time in a Kentucky county jail when he had not.[12]
Lastly, trial counsel failed to provide the trial court with an answer brief in response to the state's brief urging imposition of the death penalty. The prosecution's brief erroneously reported that Stevens had served one year in a Kentucky county jail for a felony conviction. It was further asserted that two aggravating factors applied which the state deliberately had chosen not to advance before the jury. The state went on to point out that trial counsel had made no attempt to offer evidence of a single mitigating factor. In his findings of fact, the trial judge relied on the two newly argued aggravating factors (that the murder was committed for the purpose of avoiding or preventing a lawful arrest and for pecuniary gain). In addition, he relied on the erroneous information concerning Stevens' prior criminal history. Trial counsel made no effort to correct the misstatements or errors made by the state.
According to the principles established in Strickland v. Washington, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691, 104 S.Ct. at 2066. Trial counsel claims that it was a matter of strategy not to develop a case in mitigation. "A strategic decision, however, implies a knowledgeable choice." Eutzy v. State, 536 So.2d 1014, 1017 (Fla. 1988) (Barkett, J., dissenting). It is apparent here that trial counsel's failure to investigate and present mitigating evidence was not the result of an informed decision because trial counsel was unaware the evidence existed. In this case, it is clear that the failure to investigate Stevens' background, the failure to present mitigating evidence during the penalty phase, the failure to argue on Stevens' behalf, and the failure to correct the errors and misstatements made by the state was not the result of a reasoned professional judgment. Trial counsel essentially abandoned the representation of his client during sentencing. "It should be beyond cavil that an attorney who fails altogether to make any preparations for the penalty phase of a capital murder trial deprives his client of reasonably effective assistance of counsel by any objective standard of reasonableness." Blake v. Kemp, 758 F.2d 523, 533 (11th Cir.), cert. denied, 474 U.S. 998, 106 S.Ct. 374, 88 L.Ed.2d 367 (1985). At the very least, any evidence presented and any plausible arguments made to the trial court could have provided the trial court with a basis to follow the jury's recommendation of a life sentence. We find that trial counsel's inaction in the penalty phase of the trial amounted to a substantial and serious deficiency measurably below the standard for competent counsel. Under the circumstances *1088 presented in this case, we believe Stevens has demonstrated a reasonable probability that trial counsel's inaction may have affected the sentence imposed by the trial judge.[13] Therefore, we vacate Stevens' sentence and remand for a new sentencing proceeding. Because Stevens raised numerous allegations during the rule 3.850 motion of bias on the part of the trial judge, we order that another trial judge be appointed to conduct the sentencing proceeding to avoid any appearance of impropriety. Accordingly, it is unnecessary for us to address Stevens' motion for recusal of the trial judge.
We now turn to Stevens' argument regarding the denial of his motion for reimbursement of costs. On October 23, 1984, Stevens filed two motions in the trial court. The first motion requested the trial court to authorize reimbursement by the City of Jacksonville of the fees and expenses for an expert witness. The trial judge granted the motion. The second motion was a request for reimbursement of the out-of-pocket expenses incurred by Stevens' attorneys. This motion was also granted. When petitions were filed documenting the fees and expenses of the expert witness and the out-of-pocket expenses of counsel, the trial judge refused to grant either request. No reasons denying the requests were stated in the orders.
We can find nothing in the record to explain why the trial judge would initially grant the motions requesting reimbursement for fees and expenses and then deny the requests when presented to the court. Therefore, we reverse the order denying the motion requesting reimbursement for fees and expenses and remand this matter to the trial judge to reassess the question of statutory costs in light of this opinion.
Finally, we address Stevens' petition for a writ of habeas corpus. In the petition, Stevens alleges he received ineffective assistance of appellate counsel with respect to both his conviction and sentence. We have already determined that trial counsel was not ineffective during the guilt phase of the trial. Further, we do not find that Stevens has shown that trial counsel's representation on appeal regarding Stevens' conviction was deficient or prejudicial. Because we have ordered a new sentencing proceeding for Stevens, his claim of ineffective assistance of appellate counsel with respect to his sentence is rendered moot.
We affirm the denial of Stevens' rule 3.850 motion with respect to his conviction. The denial of the rule 3.850 motion with respect to Stevens' sentence is reversed, and we vacate the sentence and remand for sentencing before a new trial judge. It is unnecessary to conduct a sentencing proceeding before a newly empaneled jury as Stevens is to receive the benefit of the previous jury's life recommendation. We also deny Stevens' petition for writ of habeas corpus.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion.
McDONALD, Justice, concurring in part and dissenting in part.
I concur except that I would also affirm the order denying the claim for costs.
NOTES
[1] The amended motion was filed on November 8, 1984. The motion was originally filed in a different form on March 22, 1984; the motion in its original form was never ruled upon.
[2] The application for clemency is still pending.
[3] Stevens' direct appeal was handled by the same court-appointed attorney who represented Stevens at the trial level.
[4] We find the following points to be without merit: (1) the trial judge improperly failed to recuse himself; (2) it was error to deny Stevens an opportunity to review the presentence investigation report and psychiatric reports; (3) the prosecution improperly withheld evidence; (4) death scrupled jurors were improperly excused; (5) Florida's homicide and death penalty statutes are administered in a discriminatory manner; (6) the lesser included offense jury instructions led to arbitrary results; (7) based upon his conviction on a felony-murder theory, Stevens' sentence violated the eighth amendment.
[5] Florida and New York were the only two states that had upheld such arrests.
[6] The trial judge found the following aggravating circumstances: (1) the murder was committed in the commission of or flight after committing rape and kidnapping; (2) the murder was committed for the purpose of avoiding or preventing a lawful arrest; (3) the murder was committed for pecuniary gain; (4) the murder was especially heinous, atrocious, or cruel.
[7] Trial counsel did speak with Stevens' aunt who lived in Jacksonville on several occasions, but she testified at the postconviction proceeding that trial counsel never questioned her about Stevens' background. Likewise, Stevens was never interviewed by trial counsel regarding his background. Because Stevens had moved to Jacksonville only one year prior to his arrest, most individuals able to provide mitigation testimony lived in Kentucky, Stevens' previous home. Trial counsel made no attempt to contact these individuals to obtain any mitigating evidence.
[8] Stevens was hospitalized as an infant because his parents hitchhiked from Kentucky to Ohio with him when he was six days old. The family often had no food, and as a result, one of Stevens' siblings died of malnutrition. Stevens was sent home when he entered the first grade because he was soiled and smelled badly. As a teenager, Stevens and his brothers were made to shower at school, and the school system provided them with the only new clothes they ever received. The family fled to Kentucky when Stevens was age fifteen to avoid having the children removed for neglect by Ohio state officials. After arriving in Kentucky, Stevens' parents made him work on a farm for $5.00 a day rather than sending him to school.
[9] Stevens' father beat him severely from an early age, and he required medical attention on at least one occasion. Stevens' father shot him in the back in 1970 because Stevens wanted to move to Jacksonville to live with his aunt. Two men testified that they each witnessed Stevens' mother shoot at him with a shotgun.
[10] Stevens worked steadily and supported his wife and two children until the time of his arrest. The clerk in the neighborhood grocery store near where Stevens lived testified that Stevens often provided protection for her when she worked alone at night.
[11] Justice McDonald went on to write: "There was, therefore, a rational basis for the jury's recommendation and it should have been followed by the trial judge." Stevens v. State, 419 So.2d 1058, 1065 (Fla. 1982) (McDonald, J., concurring in part and dissenting in part), cert. denied, 459 U.S. 1228, 103 S.Ct. 1236, 75 L.Ed.2d 469 (1983).
[12] This misstatement was never corrected.
[13] We emphasize that our decision on this point centers on the fact that trial counsel did virtually nothing on Stevens' behalf during the penalty phase of the trial. We are mindful that there have been other instances in which we have not found ineffective assistance of counsel when counsel decides not to present mitigating evidence. Note, however, that in those cases counsel conducted an investigation and, based on the information discovered, made a reasoned strategic decision not to present the evidence. Porter v. State, 478 So.2d 33 (Fla. 1985); Booker v. State, 441 So.2d 148 (Fla. 1983); Holmes v. State, 429 So.2d 297 (Fla. 1983).