PER CURIAM.
Robert David Heiney, under sentence of death and the governor’s death warrant, petitions this Court for a writ of habeas corpus and appeals the denial of relief in the trial court pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. Y, § 3(b)(1), (7) & (9), Fla. Const.
On June 4, 1978, Heiney got into a fight with his roommates in Houston, Texas. During the argument, Heiney shot and critically wounded Terry Phillips. For reasons that remain in dispute, Heiney fled Texas. There is no indication he was ever charged in connection with the June 4 shooting.
On June 5, 1978, witnesses in Jackson, Mississippi, placed Heiney in the company *399 of the victim, Francis M. May, Jr. The two were seen driving off in the victim’s car.
The next day, May’s body was found a quarter mile off Interstate 10 near Holt, Florida. May had been savagely beaten about the head with a claw hammer. Medical evidence showed the body had a blood alcohol level of .28 percent at the time of death, sufficient to incapacitate him. His pants pockets had been turned inside out and no identification or valuables were found on or near the body.
On June 12, 1978, a bank teller in Reno, Nevada, informed police that Heiney was attempting to use the victim’s credit card to obtain a cash advance. The teller obtained the license plate of the victim’s car, which Heiney was still driving.
On June 26, 1978, an Ohio state trooper arrested Heiney, who was still driving the victim’s car. In his possession were several items belonging to the victim, including a ring, a wallet, checkbook, and credit cards. Blood stains matching the victim’s blood type were found in the car. Later, a handwriting expert determined that some credit card slips charged to the victim’s credit card had been forged by Heiney after the murder.
At trial, Heiney was convicted of first-degree murder and robbery with a deadly weapon. The jury recommended life in prison, but the trial court overrode that recommendation based on its conclusion that no mitigating factors existed to outweigh the three aggravating factors. The verdict and sentence were affirmed on direct appeal. Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984).
On March 30, 1989, the governor signed the instant death warrant. The trial court summarily denied all relief without a hearing on a motion Heiney previously had filed under rule 3.850. This Court stayed Hei-ney’s pending execution. Heiney’s appeal from this ruling has been consolidated with his separate habeas petition.
The record reflects that the trial court in this case gave virtually the same jury instruction on aggravation and mitigation that was given in Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). The Hitchcock Court determined that this instruction was constitutionally defective because it failed to apprise the jury that it could consider any relevant mitigating evidence that did not fall within the scope of seven “statutory mitigating factors” contained in section 921.141, Florida Statutes (1975). Hitchcock, 481 U.S. at 395-96, 107 S.Ct. at 1822-23. The Hitchcock Court further noted that the trial judge himself had restricted his consideration to these seven factors alone.[1] Id. at 398, 107 S.Ct. at 1824.
In the present case, similar misstatements were made in the penalty phase. The trial court instructed the jury that “[t]he mitigating circumstances which you may consider, if established by the evidence, are these: [listing only the seven statutory mitigating factors].” Then, in its written sentencing order, the court made the following analysis:
The Court has carefully reviewed those seven mitigating circumstances contained in Florida Statutes 921.141(6)(a-g). Based on the Court’s consideration of these mitigating factors, the Court specifically finds as to each: [listing and analyzing only the seven statutory mitigating factors].
(Emphasis added.) The trial court then found that none of these mitigating factors were present.[2] Under the rationale of *400 Hitchcock, it is clear that error was committed. Pursuant to Hitchcock, we must now deterine whether the error was harmless.
Because of the life recommendation of the jury, it is obvious that the error was harmless. Zeigler v. Dugger, 524 So.2d 419, 420 (Fla.1988). Moreover, even assuming that the trial judge was not aware that he could consider nonstatutory mitigating circumstances, we cannot see how this misunderstanding affected his imposition of the death sentence. Indeed, the only nonstatutory mitigating evidence in this record is that (1) Heiney sometimes used alcohol, (2) he was courteous when arrested and cooperative with the police, (3) he did not fight extradition, and (4) he had not been violent in the past until he shot a man in Texas two days before the subject murder. The fact that the man Heiney killed became violent when he was drunk cannot be deemed a mitigating circumstance, and the evidence said to indicate remorse consisted of the fact that Heiney hugged his Texas victim after he shot him and helped him to an automobile to be taken to the hospital. The Hitchcock error involved in this case was harmless beyond a reasonable doubt. Tafero v. Dugger, 520 So.2d 287 (Fla.1988).
Heiney further claims that his trial counsel was ineffective at sentencing for failing to present other nonstatutory mitigating evidence. Heiney asserts (a) that he suffered severe abuse as a child from a violent father who sometimes tied Heiney to a cement block in the back yard; (b) that partly as a result of this violence, he sometimes threw himself in front of oncoming automobiles, suffering several serious head injuries; (c) that he has suffered brain damage as a result of his head injuries, resulting in mood disorders; (d) that he had a lengthy history of drug abuse; (e) that immediately prior to the present murder he was abusing heroin, marijuana, and alcohol on a daily basis; and (f) that he had a lengthy history of serious emotional disturbance. In view of these allegations, Heiney’s claim of ineffectiveness of counsel during sentencing cannot be decided without an evidentiary hearing.
We have reviewed all other claims raised by Heiney and find them to be either lacking in merit or barred for failure to raise them at the proper time in prior proceedings.
We deny the petition for writ of habeas corpus. We reverse that portion of the order denying Heiney’s claim of ineffectiveness of trial counsel at sentencing and remand for an evidentiary hearing on that issue. We affirm the order denying post-conviction relief in all other respects.
It is so ordered.
EHRLICH, C.J., and OVERTON, MCDONALD, SHAW and GRIMES, JJ., concur.
BARKETT, J., concurs specially with an opinion, in which KOGAN, J., concurs.

. The trial court in Hitchcock had stated that ‘“there [were] insufficient mitigating circumstances, as enumerated in § 921.141(6) [, Florida Statutes], to outweigh the aggravating circumstances.'” Hitchcock v. Dugger, 481 U.S. 393, 395-96, 107 S.Ct. 1821, 1823, 95 L.Ed.2d 347 (1987) (quoting trial transcript; emphasis in original).

. The opinion was dated March 29, 1979, several months before amendments to section 921.141 took effect that eliminated language restricting mitigating factors to those listed in the statute. Chapter 79-353, section 1, Laws of Florida, made the following pertinent amendment to the statute:
[I]f the court imposes a sentence of death, it shall set forth in writing its findings upon *400 which the sentence of death is based as to the facts:
(a) That sufficient aggravating circumstances exist as enumerated in subsection (5), and
(b) That there are insufficient mitigating circumstances, as enumerated in subsection (6), to outweigh the aggravating circumstances.