613 So.2d 402 (1992)
Rufus STEVENS, Appellant,
v.
STATE of Florida, Appellee.
No. 78031.
Supreme Court of Florida.
November 12, 1992.
Rehearing Denied March 5, 1993.
Oren Root Jr., New York City, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Rufus Stevens appeals from a sentence of death imposed at resentencing. The facts of the case are recited in the prior direct appeal. Stevens v. State, 419 So.2d 1058 (Fla. 1982), cert. denied, 459 U.S. 1228, 103 S.Ct. 1236, 75 L.Ed.2d 469 (1983). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
We previously ordered a new penalty phase in this case at which the trial court was to hear new evidence and weigh that evidence in light of the jury's recommendation of life imprisonment. Stevens v. State, 552 So.2d 1082 (Fla. 1989). Thus, the trial judge's role on remand was to determine whether the evidence in the record was sufficient to form a basis upon which reasonable jurors could rely in recommending life imprisonment. Cheshire v. State, 568 So.2d 908, 911 (Fla. 1990) (citing Tedder v. State, 322 So.2d 908 (Fla. 1975)). After hearing evidence of some sixteen or seventeen allegedly mitigating factors, the trial court found that the weight of the evidence was insufficient and that the jury's recommendation was unreasonable.
We find that at least the following factors reasonably could have been relied on by a jury in recommending life imprisonment: (1) Stevens did not participate in or know of the murder itself, which was committed by a co-perpetrator outside of Stevens' presence after the victim had attempted an escape,[1]Cooper v. State, 581 So.2d 49 *403 (Fla. 1991); (2) Stevens was horribly abused as a child,[2]Campbell v. State, 571 So.2d 415, 419 (Fla. 1990); (3) despite his background, he was a good worker, parent, and provider for his family, Dolinsky v. State, 576 So.2d 271 (Fla. 1991); (4) Stevens was intoxicated the day the murder was committed, Cheshire, 568 So.2d at 911; and (5) he has felt remorse for his participation in the robbery and other offenses that led up to the co-perpetrator committing the murder. Nibert v. State, 574 So.2d 1059, 1062 (Fla. 1990).
It is clear that these factors form a sufficient basis for a jury recommendation of life imprisonment. The trial court thus could not override that recommendation. Under Florida law, the role of the jury is one of great importance, and this is no less true in the penalty phase of a capital trial. Tedder. Juries are at the very core of our Anglo-American system of justice, which brings the citizens themselves into the decision-making process. We choose juries to serve as democratic representatives of the community, expressing the community's will regarding the penalty to be imposed. A judge cannot ignore this expression of the public will except under the Tedder standard adopted in 1975 and consistently reaffirmed since then.
For the foregoing reasons, Stevens' sentence is vacated and this cause is remanded to the trial court for imposition of a sentence of life imprisonment without possibility of parole for twenty-five years. The other issues raised by the parties are moot and will not be considered here.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Justices Overton and McDonald so concluded in their partial dissents in the original direct appeal. Stevens v. State, 419 So.2d 1058, 1065 (Fla. 1983). The evidence tended to show that only Gregory Engle (the co-perpetrator) had pursued the victim when she attempted to escape and that the killing occurred during the pursuit. Only later did Engle return to Stevens' presence with the body.
[2] The evidence showed that Stevens was repeatedly abused and even shot by his father.