620 So.2d 171 (1993)
Robert D. HEINEY, Appellant,
v.
STATE of Florida, Appellee.
No. 78338.
Supreme Court of Florida.
May 13, 1993.
Rehearing Denied June 30, 1993.
*172 Larry Helm Spalding, Capital Collateral Representative, Judith J. Dougherty, and Gail E. Anderson, Asst. Capital Collateral Representatives, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Robert D. Heiney, a prisoner under sentence of death, appeals from the circuit court's denial of his petition under Florida Rule of Criminal Procedure 3.850. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution.
Heiney was convicted in 1978 of first-degree murder and robbery. At his original sentencing, the jury recommended a sentence of life, but the judge overrode the recommendation and sentenced Heiney to death. This Court affirmed the conviction and sentence on direct appeal. Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984). After Heiney's death warrant was signed, the circuit court summarily denied all relief without a hearing on a motion Heiney had previously filed under rule 3.850. However, this Court stayed Heiney's pending execution so that he could appeal the summary denial of his 3.850 motion. On appeal, this Court remanded the case to the circuit court for an evidentiary hearing on the issue of ineffective assistance of counsel at Heiney's original sentencing. Heiney v. Dugger, 558 So.2d 398 (Fla. 1990).
At the 3.850 evidentiary hearing, the circuit court found that Heiney's counsel was deficient at the sentencing phase of the trial. The original sentencing court found three aggravating factors existed. Regarding mitigation, the court only considered statutory mitigating factors and found none to exist. At the 3.850 hearing, Heiney argued that there were nonstatutory mitigating factors which could have and should have been investigated, discovered, and presented by his lawyer at the sentencing proceeding. The circuit court agreed and found that substantial nonstatutory mitigation was, in fact, present. Further, the court found that Heiney's original counsel, in totally failing to investigate potential mitigating factors, acted measurably below the standard established for reasonably competent counsel at the penalty phase. However, the court concluded that there was no reasonable probability that the outcome of the penalty proceeding would have been different had the mitigating factors been presented because those mitigating factors could not outweigh the aggravating factors found by the original trial court. Thus, the circuit court found that Heiney was not prejudiced by the deficient performance and denied relief.
To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, *173 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). As noted above, the circuit court found that, at Heiney's original sentencing, counsel's performance was deficient but the deficient performance did not prejudice Heiney. On appeal, Heiney argues that the circuit court erred in determining that he was not prejudiced.
In Tedder v. State, 322 So.2d 908, 910 (Fla. 1975), this Court held that, for a trial judge to override a jury recommendation of life, "the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ." An override is improper if there is a reasonable basis in the record to support the jury's recommendation. Ferry v. State, 507 So.2d 1373, 1376 (Fla. 1987). "In some instances, the presence of valid mitigating circumstances discernible from the record may be the decisive factor when determining whether a reasonable basis exists for the life recommendation. If it can be determined that the life recommendation was based on valid mitigating factors, then an override may be improper." Stevens v. State, 552 So.2d 1082, 1085 (Fla. 1989) (citations omitted). The issue we must address in the instant case is whether the mitigating evidence which existed and could have been presented at Heiney's sentencing raises a reasonable probability that, absent the lawyer's deficient performance, the outcome of the penalty proceeding would have been different.
The 3.850 court found that, had Heiney's counsel made a proper background investigation, the following mitigating circumstances would have been discovered: (1) Heiney was a chronic substance abuser and may have been affected by alcohol and other drugs at the time of the offense; (2) Heiney suffers and has been diagnosed as having a borderline personality disorder; (3) Heiney was chronically abused physically and emotionally as a child; and (4) the combination of these factors could have resulted in a person who has a very difficult time coping with any extremely stressful situation. Additionally, the court found that there was evidence of brain damage but that the evidence was not sufficient to establish that fact.
These nonstatutory mitigating factors could establish a reasonable basis to uphold a jury's life recommendation. Holsworth v. State, 522 So.2d 348, 353-55 (Fla. 1988); Hansborough v. State, 509 So.2d 1081, 1086-87 (Fla. 1987); Amazon v. State, 487 So.2d 8, 13 (Fla.), cert. denied, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986); Buckrem v. State, 355 So.2d 111, 113-14 (Fla. 1978). Had these factors been discovered and presented to the court at Heiney's original sentencing, the jury override might have been improper. See Tedder. Clearly, counsel's failure to investigate and present mitigating evidence prejudiced Heiney.
The State argues that the defense lawyer decided not to present any mitigation at Heiney's sentencing for "strategic" reasons and, therefore, his actions are not subject to review under Strickland.[1] We disagree. Heiney's lawyer in this case did not make decisions regarding mitigation for tactical reasons. Heiney's lawyer did not even know that mitigating evidence existed. This is so because counsel did not attempt to develop a case in mitigation.
In Stevens v. State, the defendant was convicted of murder and was sentenced to death despite a jury recommendation of life. 552 So.2d at 1083. During the sentencing phase, the defense lawyer did not conduct or arrange for an investigation into the defendant's background. Had he done so, substantial mitigation would have been discovered. Also, the lawyer did not present mitigating evidence nor did he make any arguments on the defendant's behalf to the trial judge. Id. at 1085.
Regarding the lawyer's performance, this Court concluded,
[T]he failure to investigate [the defendant's] background, the failure to present mitigating evidence during the penalty phase, [and] the failure to argue on *174 [the defendant's] behalf ... was not the result of a reasoned professional judgment. Trial counsel essentially abandoned the representation of his client during sentencing... . At the very least, any evidence presented and any plausible arguments made to the trial court could have provided the trial court with a basis to follow the jury's recommendation of a life sentence... . [T]rial counsel's inaction in the penalty phase of the trial amounted to a substantial and serious deficiency measurably below the standard for competent counsel.
Id. at 1087. Our reasoning in Stevens is applicable to the instant case.
The 3.850 court was correct in holding that the performance of Heiney's counsel was deficient. However, the court erred in determining as a matter of law that Heiney was not prejudiced by that deficient performance. It is clear that mitigating evidence existed at the time of Heiney's trial which might have provided the trial judge with a reasonable basis to uphold the jury's life recommendation. As in Stevens, we vacate Heiney's sentence of death and remand for a resentencing hearing. It is unnecessary to conduct the hearing before a jury because Heiney is entitled to the benefit of the previous jury's life recommendation.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., concurring in part and dissenting in part with an opinion, in which BARKETT, C.J., concurs.
KOGAN, Judge, concurring in part and dissenting in part.
I agree that Heiney's death sentence must be vacated because he was clearly prejudiced by counsel's failure to investigate and present potential mitigating circumstances. However, I would remand for the imposition of a life sentence rather than merely for resentencing before the trial judge.
The judge in this proceeding found that, had Heiney's counsel investigated to determine the existence of mitigating circumstances, he would have discovered: 1) Heiney was a chronic substance abuser and may have been affected by alcohol and other drugs at the time of the offense; 2) Heiney suffers and has been diagnosed as having a borderline personality disorder; 3) Heiney was chronically abused physically and emotionally as a child; and 4) the combination of these factors could have resulted in a person who has a very difficult time coping with any extremely stressful situation. There is no question that these nonstatutory mitigating factors provide a reasonable basis to support the jury's original life recommendation, the benefit of which Heiney is entitled to on resentencing. Buford v. State, 570 So.2d 923, 924 (Fla. 1990); Stevens v. State, 552 So.2d 1082, 1088 (1989). In all probability the mitigating evidence presented during the rule 3.850 hearing will be incorporated into the record on remand or, if not, the same or similar evidence will be presented. See McCrae v. State, 582 So.2d 613, 615 n. 1 (Fla. 1991) (testimony presented during rule 3.850 hearing incorporated into record on remand). In light of this evidence it is clear to me that if death is again imposed, the override sentence will not be upheld. Cf. Stevens v. State, 613 So.2d 402 (Fla. 1992); McCrae. Therefore in the interest of judicial economy, I would remand with instructions to impose a life sentence.
BARKETT, C.J., concurs.
NOTES
[1] The State also contends that Heiney is barred from bringing an ineffective assistance of counsel claim because, during the proceedings, Heiney acted as co-counsel. Bundy v. State, 497 So.2d 1209 (Fla. 1986). We reject this contention because it is not supported by the record.