731 So.2d 1235 (1998)
Raymond Michael THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 81,927.
Supreme Court of Florida.
December 24, 1998.
Rehearings Denied March 2, 1999.
Martin J. McClain, Litigation Director, Office of the Capital Collateral Regional Counsel for the Southern Region, Miami, Florida, for Appellant.
Robert A. Butterworth, Attorney General, and Sara D. Baggett, Assistant Attorney General, West Palm Beach, Florida, for Appellee.
PER CURIAM.
Raymond Michael Thompson appeals the trial court's denial of motions filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. For the reasons that follow, we vacate Thompson's sentence of death and remand this case for resentencing.
Thompson was convicted of first-degree murder and sentenced to death in 1986. The trial judge overrode the jury's recommendation of a life sentence and imposed the death penalty, rejecting all mitigating evidence. This Court affirmed the judgment and sentence, after acknowledging that a jury override by a trial judge can be sustained "only when there is no reasonable basis upon which the jury could have based its recommendation." Thompson v. State, 553 So.2d 153, 156 (Fla. 1989) (citing Tedder v. State, 322 So.2d 908 (Fla. 1975)).
Thompson's present appeal of the trial court's denial of postconviction relief comes to this Court in an unusual procedural posture. The original trial judge summarily denied both Thompson's motion to vacate the conviction and sentence filed pursuant to Florida Rule of Criminal Procedure 3.850, and his motion for rehearing. *1236 Thompson appealed those denials, but this Court relinquished jurisdiction to the trial court to resolve an issue involving public records. During the relinquishment proceedings, Thompson filed a motion to disqualify the original trial judge. The judge then recused himself, but for a different reason than that alleged in the motion to disqualify. After a new trial judge was assigned to preside over the relinquishment proceedings, Thompson filed an amended 3.850 motion that included additional claims. The new trial judge summarily denied all Thompson's claims.
We have considered Thompson's issues on appeal concerning the guilt phase of his trial, including in-effectiveness of trial counsel and an alleged Brady[1] violation by the State, and find them to be without merit. As for the penalty phase, many of Thompson's allegations concerning the penalty phase would at the minimum warrant an evidentiary hearing because they are not conclusively refuted by the record. See, e.g., Valle v. State, 705 So.2d 1331, 1333 (Fla. 1997); Fla. R.Crim. Pro. 3.850(d). For example, Thompson's initial 3.850 motion and motion for rehearing allege that counsel was ineffective during the penalty phase for failing to develop adequate mitigating evidence that would have demonstrated Thompson's impaired mental condition and substantiated the testimony of the psychologist who testified in the sentencing proceedings. In addition, Thompson alleges that newly discovered evidence is available that establishes additional mitigating circumstances. These allegations are significant because when this Court considered the jury override on direct appeal, we quoted with approval the trial judge's rejection of the psychiatrist's testimony because his opinion regarding Thompson's mental impairment lacked substantiation in the record. See Thompson, 553 So.2d at 157.
At either an evidentiary hearing on the 3.850 claims or a resentencing proceeding, the new trial judge would have to consider the entire record to make essentially the same determination: whether the additional mitigating evidence, in conjunction with the evidence already presented, would provide a reasonable basis to sustain the jury's life recommendation. If the evidence presented at the 3.850 hearing resulted in a resentencing proceeding being ordered, the resentencing would be held before the trial judge sitting without a jury because Thompson would retain the benefit of the jury's life recommendation. See, e.g., Torres-Arboleda v. Dugger, 636 So.2d 1321, 1326 (Fla. 1994); Heiney v. State, 620 So.2d 171, 174 (Fla. 1993). The determination to be made by the trial judge at the resentencing would be whether a jury override would be proper in light of the additional mitigating evidence presented. See Porter v. State, 23 Fla. L. Weekly S548, S551, 723 So.2d 191 (Fla.1998).
This case is procedurally com-plicated by questions regarding the bias of the original trial judge at the time he made the jury override determination, and his ultimate recusal. This case has already experienced considerable delay. Therefore, rather than reversing for an evidentiary hearing on the 3.850 motion, we conclude that in this case it would be more appropriate to simply reverse for a resentencing before the trial judge,[2] as we did in Porter, 23 Fla. L. Weekly at S551, 723 So.2d 191.
The resentencing proceedings will be held in accord with the procedure this Court recently outlined in Porter. Id. Both Thompson and the State will be allowed to present evidence at the resentencing proceeding, which may include *1237 transcripts and exhibits from the original 1986 sentencing proceeding. Following the presentation of evidence, both Thompson and the State shall be allowed to make written and oral arguments concerning the propriety of the jury override. The trial judge must then consider the entire record to determine whether a reasonable basis exists to support the jury's recommendation of a life sentence. If the trial court finds a reasonable basis in the record to support a life sentence, the court will enter a sentencing order imposing a life sentence without the possibility of parole for twenty-five years, providing Thompson credit for time served. On the other hand, if the trial court finds no reasonable basis in the record for a life sentence, the court will enter a written sentencing order in conformance with Campbell v. State, 571 So.2d 415, 419-20 (Fla. 1990), explaining the basis for the decision to impose the death penalty.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[2] Due to her familiarity with the case, we suggest that Judge Susan Lebow, who presided over the relinquishment proceedings after the original trial judge, Judge Stanton Kaplan, recused himself, continue to preside over the resentencing proceedings. See Fla. R. Jud. Admin. 2.050(4).