421 So.2d 1072 (1982)
Thomas McCAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 57026.
Supreme Court of Florida.
October 28, 1982.
*1073 Michael M. Corin, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Thomas McCampbell appeals his conviction of first degree murder and sentence of death after a jury recommendation of life imprisonment, and his conviction of armed robbery. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm the conviction of first degree murder and remand to the trial court for the imposition of a sentence of life imprisonment without eligibility of parole for twenty-five years. The judgment of conviction for armed robbery is reversed and remanded for a new trial.
On April 7, 1978, at approximately 7:00 p.m., four males entered the Winn Dixie Kwik Check store in Pensacola. All were armed with pistols. One, Ernest Benjamin, went to the office booth to get money from the safe. A second, Mose Calhoun, proceeded to rob the registers. A third, James Hawthorne, and appellant went to the rear of the store to guard the people in the back. A fifth, James McCord, remained outside in the getaway car. Morley Griffin Ray, a corrections officer for the Escambia County jail, was working as a security guard for the Winn Dixie store at the time of the robbery. Appellant came up behind Ray, put a gun to his head, and while the guard was squatting down, fired one bullet into the back of his head, killing him.
A few days after the robbery, Ernest Benjamin was arrested for the crime. He cooperated with the police and identified the triggerman and the other participants. All were ultimately arrested.
At the trial, Calhoun, McCord and Benjamin testified on behalf of the state and were permitted to plead guilty to reduced charges. They identified appellant as the triggerman. Appellant presented a defense of alibi and called numerous witnesses during the presentation of his case.
The jury returned verdicts finding the appellant guilty of murder in the first degree and guilty of robbery with use of a firearm. At the penalty phase of the trial, mitigating evidence was presented on behalf of the appellant concerning his home life, employment background, and potential for rehabilitation. After deliberating approximately six minutes, the jury recommended to the trial court that it impose a sentence of life imprisonment upon the appellant. No pre-sentence investigation was ordered by the trial court but counsel were requested to supply the trial judge with briefs and proposed findings of fact concerning aggravating and mitigating circumstances. At the sentencing proceeding, the trial judge declined to follow the jury's life recommendation and sentenced the appellant to death for the offense of murder in the first degree, and for the offense of armed robbery, to life in prison.
The appellant raises eight points on his appeal. The issues have been well briefed by the parties and carefully considered by this Court. Only four of the points raised, however, warrant discussion in this opinion. The other points are rejected as being without merit.

I.
Relying upon our decision in Tascano v. State, 393 So.2d 540 (Fla. 1980), appellant contends that the trial court committed reversible error when it denied his request that the jury be instructed on penalties for all the offenses charged.
In Tascano this Court held that upon request of either party, it is mandatory that an instruction be given on the maximum and minimum penalties that may be imposed. Tascano was a decision post-dating the trial in the instant case. However, we noted that "all others who have preserved this point on appeal, receive the benefit of this interpretation of the rule." 393 So.2d at 541. It is necessary, then, to look at the *1074 two charges separately and see if error occurred.
In Welty v. State, 402 So.2d 1159 (Fla. 1981), this Court addressed the issue of whether in capital cases the failure to give penalty instructions pursuant to Tascano required a reversal. There, we noted that on several occasions during the trial, the fact that death was the maximum penalty and life imprisonment the minimum penalty for murder in the first degree was made known to the jury. "The trial court's failure to again advise the jury what it had already been told was not reversible error." 402 So.2d at 1162. Likewise in the instant case, while the jury did not receive a specific instruction as to the penalty to be imposed for the capital crime offense, the jury was not ignorant of the penalties that could be imposed. A review of the voir dire reflects that not only the defense but the State inquired of the potential jurors as to their abilities to impose either the death sentence or life in prison. The spirit of the Tascano rule was thus clearly met since the jury had the information as to maximum and minimum penalties. We hold, therefore, that appellant's Tascano argument as related to the murder charge is without merit.
However, a contrary result is mandated with respect to the robbery charge. The jury was not advised of the maximum and minimum penalties for conviction on the robbery count during the trial. Thus, the judgment of conviction for the crime of robbery with the use of a firearm is reversed and remanded to the circuit court for a new trial on this one charge.

II.
Appellant asserts that the trial court erred by adjudicating and sentencing the appellant for the offense of robbery with a firearm in violation of the Double Jeopardy clause of the United States Constitution as applied to the states through the Fourteenth Amendment. Even though appellant's conviction for robbery has been reversed, supra, this argument is not moot since the state may wish to retry appellant. Appellant's argument is that given the ambiguous verdict (not knowing if the jury were finding guilt of premeditated murder or felony murder), the logical choice would be felony murder; that being so, guilt and sentencing on the robbery charge must be vacated as a double jeopardy violation. State v. Pinder, 375 So.2d 836 (Fla. 1979), receded from in State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). However, we have said that if there be sufficient evidence to support a finding by the jury of premeditated murder, the principles announced in Pinder would not be applicable. Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319, and cert. denied, 454 U.S. 1164, 102 S.Ct. 1039, 71 L.Ed.2d 320 (1982). In the instant case, the testimony of witnesses Young, Schmidt, Orlicka, and Calhoun present adequate proof of premeditation. "If the evidence shows that the accused had ample time to form a purpose to kill the deceased and for the mind of the killer to become fully conscious of his own design, it will be deemed sufficient in point of time in which to enable the killer to form a premeditated design to kill." 403 So.2d at 949. There being adequate proof of premeditation, appellant may thus be convicted and sentenced for the robbery offense.

III.
Appellant argues that the trial court erred by rejecting the jury's sentencing recommendation of life imprisonment and by imposing a sentence of death upon the appellant. Since this Court has the responsibility to determine independently whether a death sentence has been imposed in a manner constitutionally correct, section 921.141(4), Florida Statutes (1981), we review the trial court's findings of the aggravating and mitigating circumstances to determine if that court properly imposed the death sentence.
The trial judge's findings were based on no material extraneous to the record, and all considerations by that court were made available to the appellant and to the State, and each party had ample opportunity to respond thereto.
*1075 The trial judge correctly found three of the statutory aggravating circumstances listed in section 921.141(5), Florida Statutes (1981). First, the capital felony was committed by a person under sentence of imprisonment. Appellant had been paroled by the Alabama Board of Corrections on February 27, 1978 and his parole had not expired as of the time of the instant crime. Second, the defendant had been previously convicted of a felony involving the use or threat of violence to the person. In June 1973, appellant had been convicted in Dallas County, Alabama of assault with intent to murder and assault with intent to rob. Third, the capital felony was committed while the defendant was engaged in or was an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit a robbery. The evidence shows that the murder was committed while appellant was engaged in the commission of an armed robbery. No other aggravating circumstances were found by the trial judge.
The trial judge found none of the statutorily-listed mitigating circumstances. Counsel for appellant presented briefs to the trial judge detailing other mitigating factors. These included the appellant's employment background, his prior conduct record while in the State Prison System of Alabama, and his home life. Also presented was information on the possibility of appellant's rehabilitation if incarcerated in the prison system of this State as well as the fact that the sentences of the co-defendants did not involve the death penalty. The trial judge concluded that none of these factors merited substantial weight.
However, the trial judge's written sentencing findings state that he considered the fact that appellant never acknowledged his guilt or showed any remorse before the court. In addition, the trial judge concluded that the appellant procured the perjury of his girlfriend for the purpose of assisting in the establishment of his efforts to prove an alibi defense.
This Court has held that aggravating circumstances must be limited to those provided for by statute. Miller v. State, 373 So.2d 882 (Fla. 1979); Purdy v. State, 343 So.2d 4 (Fla.), cert. denied, 434 U.S. 847, 98 S.Ct. 153, 54 L.Ed.2d 114 (1977). Neither the failure of the appellant to acknowledge his guilt nor demonstration of remorse is a valid statutory aggravating circumstance. To the degree that the trial judge justified his position on his belief that the appellant had procured the perjured testimony of his girlfriend to buttress the alibi defense, his conclusion is unsupported by law or fact. There is neither any evidentiary support in the record for this conclusion, nor is it a statutorily-enumerated aggravating circumstance.
The trial court also classified the jury's recommendation as unreasonable because of the brevity of its penalty deliberation. The jury spent about six hours deliberating the guilt issues. At the penalty phase, the jury heard 140 pages of testimony and argument bearing on the question of life or death. They were instructed to base their verdict on the evidence presented at both proceedings. It cannot be concluded that the jury did not have sufficient time within which to consider its penalty verdict.
The jury recommended a sentence of life imprisonment. Because it represented the judgment of the community as to whether the death sentence is appropriate, the jury's recommendation is entitled to great weight. Goodwin v. State, 405 So.2d 170 (Fla. 1981); Odom v. State, 403 So.2d 936 (Fla. 1981), cert. denied, ___ U.S. ___, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982); Welty v. State, 402 So.2d 1159 (Fla. 1981); Williams v. State, 386 So.2d 538 (Fla. 1980); Neary v. State, 384 So.2d 881 (Fla. 1980); Tedder v. State, 322 So.2d 908 (Fla. 1975). From an objective review of the record, it appears the jury could have been influenced in its recommendation for life imprisonment by the following factors: (1) appellant's exemplary employment record; (2) appellant's prior record as a model prisoner; (3) the positive intelligence and personality traits detailed through the testimony of Dr. Yarbrough which showed the appellant's potential for rehabilitation; (4) appellant's family background; *1076 and (5) the disposition of the co-defendants' cases. In Tedder we said: "In order to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ." 322 So.2d at 910. That is not the situation in the instant case. Given all the facts and circumstances, we find that the action of the jury was reasonable and should not have been overruled by the trial judge.

IV.
The appellant contends that the Florida death penalty statute is unconstitutional because its application is arbitrary and capricious. The argument presented is that the review of legislatively-authored aggravating and mitigating circumstances by this Court leads to a piecemeal and standardless lack of uniformity between cases in violation of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) and Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). However, this point need not be met because of our reversal of the death sentence supra.

V.
In conclusion, we find that the evidence is clearly sufficient and that the record sustains the conviction for the crime of first degree murder. The sentence of death is vacated and the cause is remanded to the trial court for imposition of a sentence of life imprisonment without eligibility of parole for twenty-five years. The judgment of conviction for the crime of robbery is reversed and remanded to the trial court for a new trial.
It is so ordered.
ALDERMAN, C.J., and OVERTON, McDONALD and EHRLICH, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
ADKINS, J., concurs with conviction and dissents with sentence.
BOYD, Justice, concurring in part and dissenting in part.
I concur in the majority opinion in affirming the conviction of first-degree murder and in reversing the conviction of armed robbery and permitting a new trial for that offense.
I respectfully dissent to that portion of the majority opinion reducing the penalty from death to life imprisonment without eligibility for parole for the first twenty-five years.
The court properly found three aggravating circumstances:
(1) The capital felony was committed by a person while under a sentence of imprisonment.
(2) The defendant had been previously convicted of a felony involving the use or threat of violence to the person.
(3) The capital felony was committed while the defendant engaged in or was an accomplice in the commission, or attempt to commit or flight after committing or attempting to commit a robbery. The murder was committed while appellant was committing a robbery.
Although the trial court stated that appellant showed no remorse and that appellant had procured the perjury of his girlfriend in attempting to establish an alibi. I construe those remarks as a basis for the court's independent concurrence with the jury's finding of guilt and not as an aggravating circumstance.
The mitigating circumstances were not sufficient to overcome the above-stated aggravating circumstances. I would reverse the armed robbery conviction and authorize a new trial for that crime. I would affirm the conviction of murder in the first degree and would affirm the penalty of death.