616 So.2d 1150 (1993)
Timothy THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2145.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Timothy Thomas appeals the denial of his motion for post-conviction relief under rule 3.850. His motion listed seven grounds for relief. The focus was ineffective assistance of trial counsel. The trial court granted an evidentiary hearing, but only as to one of the grounds raised by Thomas. Under the circumstances present here this was error and we reverse.
It is by now commonplace that the effectiveness of trial counsel is measured from two perspectives. In order to prevail on an ineffective assistance of counsel claim, appellant must demonstrate both that counsel's performance was deficient and that there is a reasonable probability that the result of the proceeding would have been different absent the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 690 (1984); see also Ferguson v. State, 593 So.2d 508, 510 (Fla. 1992).
It is also well established that a determination whether the deficient performance affected the outcome of the trial is a mixed question of law and fact. See, e.g., Cave v. Singletary, 971 F.2d 1513, 1516-17 (11th Cir.1992) (determination whether defendant received adequate assistance of counsel is a mixed question of law and fact); Duest v. Singletary, 967 F.2d 472, 476 (11th Cir.1992) (ineffective assistance of counsel claim presents a mixed question of law and fact and is therefore subject to de novo review), pet. for cert. filed, No. 92-1163 (U.S. Jan. 4, 1993).
The record in this case amply demonstrates that Thomas made a primae facie *1151 showing of ineffectiveness. He is thus entitled to an evidentiary hearing as to whether the reliability of his trial result was thereby compromised.
We reverse and remand for a full evidentiary hearing at which appellant shall be entitled to produce evidence on each of the seven grounds raised in his motion, including the failure to file a motion to suppress previously argued.
REVERSED AND REMANDED.
HERSEY and DELL, JJ., and DOWNEY, JAMES C., Senior Judge, concur.