PER CURIAM.
The defendant, Eugene Lowe, appeals the trial court’s order denying his motion for post-conviction relief. In his motion, the defendant maintained that he was entitled to receive a new trial because he had located newly-discovered evidence. Because the defendant faded to demonstrate that the evidence was newly discovered, we affirm.
In 1988, the defendant was convicted of manslaughter with the use of a firearm and sentenced to a term of twenty-two years in prison. On the night of the crime the defendant and the victim were in an Apopka bar. The victim was gambling and borrowed $5.00 from the defendant. When the victim refused to repay the loan, an argument ensued. The argument soon erupted into a fight dim-ing which the defendant bit the victim’s finger causing it to bleed. While the victim went to clean up, the defendant went outside and sat on the hood of his brother’s car. Thereafter, the victim exited the bar and approached the defendant. During this encounter, the defendant fired a single shot which struck the victim. The victim later died as a result of the gun shot wound.
At trial, the defendant testified that he fired the gun in self-defense. He explained that the victim had attacked him with a knife, and that when he fired the shot he was in fear for his life. However, the remaining trial testimony was confusing as to whether the victim wielded a knife. For example, the defendant’s brother testified that he thought the victim had a knife, but he could not explain what happened to the knife after the shot was fired. He also testified that when the victim started in the defendant’s direction, the defendant fired a warning shot causing the victim to retreat, but that it was not until after the victim had begun his retreat that the defendant fired the fatal shot. The brother’s girlfriend meanwhile testified that she was present in a nearby car and saw the victim making slashing motions toward the defendant, but she did not actually see a knife.
At the 1995 hearing on the defendant’s motion for post-conviction relief,[1] the defendant contended that the testimony of Mr. Jack Bell was newly-discovered evidence. Mr. Bell, who purported to have been a friend of the victim, testified at the hearing that he witnessed all the events the night of the shooting. He said that he was the one who broke up the fight between the victim and the defendant inside the bar. Mr. Bell testified that, once outside, the victim suddenly raised his hand and came toward the defendant yelling, “I’m going to get you,” and that the defendant began to back up. According to Mr. Bell, it was while the victim was continuing his advance on the defendant that the fatal shot was fired. Mr. Bell also stated that when he and another man went to assist the victim, he saw the knife which he described as being six-to-seven inches long. According to Mr. Bell, he did not tell anyone about what he had witnessed until 1988 or 1989 when he learned that the defendant had been convicted of killing the victim. When he learned of the conviction, he told the defendant’s brother and sister that the conviction should be appealed because, even though he and the victim were close friends, he hated to see the defendant in prison when he believed that the shooting was in self-defense.
In order to prevail on his motion for post-conviction relief, the defendant was required to establish that the evidence asserted as newly-diseovered was (1) not known to the defendant or his counsel at the time of trial and could not have been ascertained by the exercise due diligence; and (2) of such nature that it would probably produce an acquittal on retrial. Jones v. State, 591 So.2d 911 (Fla.1991); Williamson v. Dugger, 651 So.2d 84 (Fla.1994), cert. denied, — U.S. —, 116 S.Ct. 146,133 L.Ed.2d 91 (1995). In denying the defendant’s motion, the trial court concluded that the defendant had failed to establish this second element:
*929 [S]ueh testimony, in and of itself, does not rise to the level of persuading this court that it would have probably produced an acquittal at trial. Such being the case, this court has no alternative other than to deny the defendant’s motion.
It appears that in reaching this conclusion the trial court, after having observed Mr. Bell testify, either did not consider his testimony credible, or was not convinced that when weighed against evidence from the defendant’s trial an acquittal was probable on retrial.
Ultimately, we agree with the result reached by the trial court because the defendant failed to demonstrate that Mr. Bell’s testimony qualifies as being “newly-discovered.” In this regard, the defendant testified at the 3.850 hearing that he knew about Mr. Bell, but that his attorney and several of his friends were unable to locate him during the defendant’s trial. No record evidence was presented showing that the defendant attempted to secure Mr. Bell’s presence at his trial. Similarly absent was any evidence that the defendant requested a continuance of his trial in order to compel Mr. Bell’s presence. In fact, the defendant’s attorney testified that he did not recall the defendant telling him about Mr. Bell, but that, if the defendant had told him he would have searched for Mr. Bell. Mr. Bell meanwhile testified that, although he is a migrant worker and travels a great deal, during the time of trial he maintained a permanent residence in Orlando where his wife lived year-round. He also testified that the defendant’s brother knew where he lived because his brother dated one of Mr. Bell’s neighbors. We conclude that this testimony establishes that, although Mr. Bell may have been unknown to defense counsel, he was certainly not unknown to the defendant, and his location could have been determined by the exercise of due diligence.
AFFIRMED.
PETERSON, C.J., and W. SHARP and ANTOON, JJ., concur.

. The motion for post-conviction relief was filed in December 1993, more than two years after the issuance of the mandate from this court affirming the defendant's conviction. When the basis of the motion is newly-discovered evidence, there is an exception to the general requirement that 3.850 motions be filed within two years of the issuance of a mandate affirming the conviction, and such motions may be filed outside the two-year time limitation. See Torres-Arboleda v. Dug-ger, 636 So.2d 1321 (Fla.1994); Fla.R.Crim.P. 3.850(b)(1).