ON MOTION FOR REHEARING

ANTOON, C.J.
Following issuance of our opinion in this case, Mr. Rolon moved for rehearing. As authority for the motion, he relies on this court’s opinion in O.C. v. State, 722 So.2d 839 (Fla. 5th DCA 1998), aff'd, 24 Fla. L. Weekly S425, — So.2d -, 1999 WL 731661 (Fla. Sept. 16, 1999), issued while we still had jurisdiction over the instant case. On the authority of O.C., we grant Mr. Rolon’s motion for rehearing, withdraw the opinion issued on June 25, 1999, and substitute the following opinion in its place.
Julio Enrique Rolon appeals his judgment and sentence entered by the trial court after a jury found him guilty of attempted second-degree murder with a firearm.[1] He argues that 1) the trial court abused its discretion in denying his motion for new trial on grounds that there was newly discovered evidence, and 2) the state failed to establish by a preponderance of the evidence that he was qualified to receive an enhanced penalty under the Criminal Street Gang Prevention Act of 1996.[2] We affirm on the first ground but reverse on the second.
The state charged Mr. Rolon with shooting an unarmed victim with a shotgun. Mr. Rolon’s girl friend, Angela Seda, was charged with being an accessory after the fact. Mr. Rolon and Ms. Seda were tried together, but at the conclusion of the state’s case the trial court entered a judgment of acquittal in favor of Ms. Seda. The jury returned a verdict of guilty as charged against Mr. Rolon and the trial court later adjudicated him guilty.
Approximately one month after the verdict was returned, Mr. Rolon filed a motion seeking a new trial pursuant to Florida Rule of Criminal Procedure 3.600(a)(3) alleging newly discovered evidence of an alibi. The “newly discovered evidence” was described in an affidavit submitted by Ms. Seda. Essentially, the affidavit stated that at the time of the shooting Mr. Rolon and Ms. Seda were together at her apartment. The trial court denied the motion and proceeded to sentencing. On appeal Mr. Rolon argues that the trial court erred in denying his motion for new trial. We disagree.
In order to set aside a conviction on the basis of newly discovered evidence the allegedly new evidence must have been unknown by the trial court, the defendant, or counsel at the time of trial, and it must appear that the defendant or his counsel could not have discovered this evidence through the exercise of diligence. See Torres-Arboleda v. Dugger, 636 So.2d 1321, 1324-25 (Fla.1994). As applied to this case, Mr. Rolon’s claim that he did not know of his alibi defense at the time of trial is implausible. In her affidavit Ms. Seda states that Mr. Rolon was with her watching a movie when the victim was shot. Assuming that this statement is accurate, Mr. Rolon necessarily knew of this alibi defense at the time of trial. Therefore, the trial court properly denied Mr. Rolon’s motion for a new trial. See id.
Mr. Rolon also argues that the trial court erred in determining that the state presented sufficient evidence to prove that he qualified for enhanced sentencing pursuant to the Criminal Street Gang Prevention Act of 1996 (the Act). See § 874.04, Fla. Stat. (1997). After the instant appeal was filed and briefed, this court issued its opinion in O.C., 722 So.2d at 839, holding *444 that the Act was facially unconstitutional. Based on O.C., we reverse the sentence imposed under Chapter 874, Florida Statutes (1997), and remand for resentencing.
Judgment AFFIRMED; sentence REVERSED; and cause REMANDED.
DAUKSCH and GOSHORN, JJ., concur.

. §§ 777.04, 782.04(2), Fla. Stat. (1997).

. § 874.04, Fla. Stat. (1997).