748 So.2d 1082 (2000)
William Lewis BOWMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0683.
District Court of Appeal of Florida, Fourth District.
January 5, 2000.
*1083 Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We deny rehearing but withdraw our prior opinion and substitute the following in its place.
The appellant challenges the denial of his motion for postconviction relief. Although the trial court found that his trial counsel had performed ineffectively in certain respects, it concluded in a thorough order that appellant had not demonstrated prejudice. We affirm.
After a lengthy trial, appellant was convicted of capital sexual battery of his daughter. In his rule 3.850 motion, appellant raised seventeen claims of ineffectiveness by his trial counsel. The court determined that some claims were legally insufficient and conducted an evidentiary hearing on others. While finding that counsel was ineffective in failing to investigate the witnesses appellant requested that he call, failing to call alibi witnesses to refute Williams rule evidence offered at trial, failing to object to testimony by the examining physician that the victim identified her father as the perpetrator of the sexual abuse, and in failing to object to a detective's testimony that he thought the victim was truthful, the trial court found that appellant had failed to establish that he was prejudiced by these omissions.
An ineffective assistance of counsel claim is a mixed question of law and fact and is therefore subject to de novo *1084 review on appeal. See Rose v. State, 675 So.2d 567, 571 (Fla.1996); Thomas v. State, 616 So.2d 1150, 1150 (Fla. 4th DCA 1993). However, where the trial court makes findings of fact after an evidentiary hearing on a 3.850 motion, the appellate court cannot substitute its own factual findings for those of the trial court. See Smith v. State, 697 So.2d 991, 992 (Fla. 4th DCA 1997) ("it is within the province of the finder of fact `to rely upon the testimony found by it to be worthy of belief and to reject such testimony found by it to be untrue'") (quoting I.R. v. State, 385 So.2d 686, 687 (Fla. 3d DCA 1980)).
Under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), a defendant alleging ineffective assistance must demonstrate that his attorney's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment and that the defendant was prejudiced by the deficient performance. The Strickland Court noted at the outset that the benchmark for judging an ineffectiveness claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. 466 U.S. at 686, 104 S.Ct. 2052. Specifically, the Court defined prejudice as follows:
It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.
On the other hand, we believe that a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case. This outcome-determinative standard has several strengths.... Nevertheless, the standard is not quite appropriate.
... The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.

Accordingly, the appropriate test for prejudice ... [is that] [t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

. . . .
... [W]hen a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.

In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.
[t]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. *1085 In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.
Id. at 693-696, 104 S.Ct. 2052 (emphasis added) (citations omitted). The reviewing court need not consider whether counsel's performance was deficient if it is clear from the record that the appellant has suffered no prejudice. See Torres-Arboleda v. Dugger, 636 So.2d 1321, 1324 (Fla. 1994).
From a review of the entire trial record together with the evidentiary hearing, we conclude that the trial court was correct in its assessment that prejudice within the meaning of Strickland was not shown. In this case the defendant was charged with committing several incidents of sexual assault over a period of five years. The evidence that defense counsel failed to elicit consisted of alibi evidence regarding some of the dates of the incidents testified to by the victim. However, virtually all of the alibi testimony presented at the evidentiary hearing was disputed, and, in one instance, an alibi witness' testimony actually conflicted with the defendant's own trial testimony regarding the time period during which the victim was said to be absent from the state. Nor did the alibi evidence completely cover all the time periods charged.
Thus, while the alibi evidence conceivably could have affected the verdict, Strickland requires more than a showing that the errors had some conceivable effect on the outcome. The defendant must demonstrate a reasonable probability i.e., one that undermines confidence in the outcome-that absent counsel's errors, the fact finder would have had a reasonable doubt respecting guilt. Strickland, 466 U.S. at 694, 104 S.Ct. 2052; see also Lanier v. State, 709 So.2d 112, 116 (Fla. 3d DCA 1998) (Levy, J., concurring) ("a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors") (citing Strickland, 466 U.S. at 694-696, 104 S.Ct. 2052).
We acknowledge that the Strickland prejudice test is not always easy to apply. Nevertheless, considering the totality of the evidence and the substantial amount of corroborating evidence and the unaffected evidence, we conclude that appellant has failed to carry his burden of showing prejudice. See Strickland, 466 U.S. at 696, 104 S.Ct. 2052. In other words, our confidence in the outcome has not been undermined. See Rivera v. State, 717 So.2d 477, 482 (Fla.1998) (defense counsel's alleged deficient performance in failing to present testimony of alibi witness was not prejudicial since such testimony would not have provided defendant with alibi for the crucial time period of 7:00 p.m., the approximate time after which the victim was murdered); Torres-Arboleda, 636 So.2d at 1324 (while failure of defense counsel to investigate alibi defense thoroughly may have been deficient performance under the circumstances, defendant failed to show requisite prejudice where four of defendant's friends testified that he was in the city shortly before or shortly after shooting of victim, which was contrary to alleged alibi testimony offered at postconviction evidentiary hearing, and where three other witnesses placed defendant at scene of homicide). Nor do we believe that the trial court applied too stringent a test in determining whether there was prejudice. We therefore affirm as to all issues.
WARNER, C.J., SHAHOOD and TAYLOR, JJ., concur.