FARMER, J.,
concurring specially.
Our system of criminal justice is not based on multiple trials for the same case. Both sides are usually given only one chance to offer all their evidence. We do not suffer either the state or the accused to keep doing it until they get it right. The justification is that they will have a fair chance to get ready for their day in court. With reasonable preparation time we can be confident of the reliability of the outcome.
It is not unfair or illogical to insist that a defendant produce all the evidence and witnesses at the first and only trial if he is given sufficient preparation time. When a defendant claims afterwards that newly discovered evidence would change the result, the law can then understandably require that such evidence should have been unknown by him or his counsel at the trial and that they could not, by due diligence, have discovered the evidence in time to use it. Torres-Arboleda v. Dugger, 636 So.2d 1321, 1324-1326 (Fla.1994); Jones v. State, 591 So.2d 911, 916 (Fla.1991), cert. denied, 516 U.S. 1057, 116 S.Ct. 731, 133 L.Ed.2d 682 (1996).
In this case, however, the trial judge determined that defendant did not, in fact, have a reasonable opportunity to prepare his defense at the original trial.[1] Because he was not given ample time to make ready, he cannot be considered as having voluntarily decided to forego producing absent witnesses and evidence at the trial. In this circumstance, he should not have to show that the evidence he would adduce at a new trial was unknown to him or unavailable at his first trial.
Given unreasonably short preparation time, the law cannot possibly hold that the accused should nonetheless have produced all the evidence that a fair amount of preparation time would have allowed him to develop. The denial of sufficient time to do something contradicts the contention that with diligent and harder work someone could still have done it.[2]
Unfairly rushing a case to trial means that any reasonable confidence in the reliability of the outcome is considerably weakened. Appellate judges are not very likely to enhance confidence in such an outcome by simply pronouncing the result fair — less so by declaring that the accused should have been even more assiduous while he was being unfairly hurried to trial. Thus when a trial judge finds that a case has been unfairly pushed to a precipitate trial, that fact alone should be sufficient to justify a new trial without any further inquiry into whether the defendant could have mounted a reasonable defense at the rushed trial if only he had somehow been more persevering.
On this basis I concur in Judge Gross’s opinion.

. Or so I take her finding that she “pushed the case [to trial] too fast.”

. As I ponder this notion that one could nevertheless have been more diligent while being forced to an early trial, a black-and-white image from the early days of television flickers in and out of my mind's eye: Lucy Ricardo desperately tries to keep up with the rapidly increasing speed of the confectionary production line gone absurdly awry. Sometimes all the effort in the world is in vain.