GUNTHER, J.,
dissenting.
I respectfully dissent. The Defendant filed an amended motion for a new trial on the grounds of newly discovered evidence. The motion alleged, inter alia, that “neither Lorenzo Dunnaway nor his undersigned counsel could have discovered and produced such evidence at trial, in that neither witness was apparently interviewed by the police officers investigating the case, and Ms. Bailey lives in Pahokee, Florida, which is a substantial distance from Riviera Beach, Florida, the city in which the subject incident took place.”
At 'the hearing, Terry Graves, the Defendant’s brother, testified that through his own investigation conducted after the Defendant’s conviction, he found Bailey and discovered from her that the victim *380 had a weapon. Although he had asked around for information before the conviction, he testified that he did not actively pursue anything until after the conviction. Once he started actively pursuing his investigation, it took him a week or two to find Bailey. He testified that he expended a tremendous amount of effort to find her and that because the community was comprised predominately of African Americans and there was an absence of trust in the area, he did not believe a private investigator could have obtained the same results.
Laura Bailey’s unrebutted testimony was that she has lived at her parent’s home at the same address in Pahokee for eighteen years, the telephone number has been the same for the last twenty-nine years, her phone number and address are in the phone book, and she has not been hiding from anyone.
The Defendant testified that he was precluded from actively investigating his case because he was incarcerated. He gave his attorney names of witnesses, but despite seeing Bailey at the bar on the night of the murder, he did not mention Bailey to his attorney. He knew who Bailey was, but did not know her name or how to get in touch with her. However, he testified that he knew Bailey’s boyfriend and that the Defendant’s cousin and Bailey’s boyfriend were friends. In addition, he recognized that if he needed to get in touch with Bailey’s boyfriend, he could get the information from his cousin. The Defendant testified that his cousin has lived in Pahok-ee all his life.
Based on Graves’, Bailey’s, and the Defendant’s testimony, the defense attorney argued that Laura Bailey’s testimony constitutes newly discovered evidence and it would establish a self-defense defense.
The trial court granted the motion, finding that the testimony of defense witness Laura Bailey constitutes new material evidence and such testimony could not have been discovered by the Defendant or his attorney by the exercise of reasonable diligence because of the particular milieu in which the crime occurred.
“Two requirements must be met in order to set aside a conviction or sentence because of newly discovered evidence.” Torres-Arboleda v. Dugger, 636 So.2d 1321, 1324-26 (Fla.1994). “First, the asserted facts ‘must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.’ ” Id. (quoting Jones v. State, 691 So.2d 911, 916 (Fla.1991)); see Fla.R.Crim.P. 3.600(a)(3); Totta v. State, 740 So.2d 57 (Fla. 4th DCA 1999). “Second, ‘the newly discovered evidence must be of such a nature that it probably would produce an acquittal on retrial.’ ” Torres-Arboleda, 636 So.2d at 1324-25 (quoting Jones, 591 So.2d at 915); see Fla.R.Crim.P. 3.600(a)(3); Totta, 740 So.2d at 57.
In the present case, the first prong has not been met. Although the trial court volunteered the case had been pushed too fast, the fact remains that on the night of the murder, the Defendant knew Bailey was in the bar but failed to so advise his attorney. He may not have known Bailey’s name or how to get in touch with her, but he knew that his cousin and Bailey’s boyfriend were friends, and he knew how to get in touch with his cousin. He had the opportunity to provide his attorney with witnesses, but he failed to mention Bailey.
With regard to Bailey’s testimony, it is noteworthy that Bailey has resided at the same address longer than some sitting Florida judges have been residents of this state. Considering Bailey’s life-long connection and presence in the Pahokee community, I conclude that the record does not support the trial court’s conclusion that Bailey could not be discovered by the exercise of reasonable diligence because of the “particular milieu” in which the crime occurred. Furthermore, it was possible for Bailey to be found by exercising diligence, because within one to two weeks of actively investigating, Graves found Bailey and discovered she saw the victim with the *381 ice pick. Thus, it appears that Bailey’s testimony could have been easily discovered with the exercise of reasonable diligence.
In addition, while it is admirable that the trial judge suggested she pushed the case too fast, it does not elevate Bailey’s testimony into “newly discovered evidence.” The Defendant’s own testimony reveals that the defense had the ability to discover Bailey’s testimony with reasonable diligence from the very night of the murder, because the Defendant saw Bailey at the bar on the night of the murder. As such, the defense knew Bailey was a potential witness from the night of the murder and had seven months between the filing of the information and the trial to locate her.
Because the first prong of the two-prong newly discovered evidence test has not been met, I conclude the trial court abused its discretion in granting a new trial. Accordingly, I would reverse and remand.