PER CURIAM.
Eric Adger was convicted of multiple offenses, many of which involved an altercation involving Officer Pecci and Adger’s use and/or theft of a firearm. Adger seeks postconviction relief, presenting several claims of ineffective assistance of trial counsel.
*826 We reverse and remand for further proceedings with respect to point five of Adger’s motion, wherein he faults trial counsel for failing to call his girlfriend as a witness at trial. We reject the state’s claim that Adger’s point is legally insufficient. Ford v. State, 825 So.2d 358 (Fla.2002). Accepting Adger’s allegations as true, there is a reasonable probability that his girlfriend’s testimony would have affected the verdicts with respect to offenses involving use and/or possession of a firearm or weapon.
As no portions of the transcript were attached to the order or referenced therein, the record before this court does not support that trial court’s finding that Adger “has not demonstrated a reasonable probability-i.e., one that undermines confidence in the outcome — that absent counsel’s errors, the jury would have a reasonable doubt respecting guilt.” Bowman v. State, 748 So.2d 1082 (Fla. 4th DCA), rev. denied, 767 So.2d 454 (2000). See Fla. R.Crim.P. 3.850(d).
TAYLOR, SHAHOOD and MAY, JJ., concur.