WARNER, J.
We affirm the order denying appellant’s motion for postconviction relief from his 1993 conviction and sentence. He made two claims based upon newly discovered evidence, neither of which warrant relief.
Two requirements must be met in order to set aside a conviction on the basis of newly discovered evidence:
First, in order to be considered newly discovered, the evidence “must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence.” Torres-Arboleda v. Dugger, 636 So.2d 1321, 1324-25 (Fla.1994).
Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. Jones [v. State], 591 So.2d 911, 915 [(Fla.1991)]. To reach this conclusion the trial court is required to “consider all newly discovered evidence which would be admissible” at trial and then evaluate the “weight of both the newly discovered evidence and the evidence which was introduced at the trial.” Id. at 916.
Jones v. State, 709 So.2d 512, 521 (Fla.), cert. denied, 523 U.S. 1040, 118 S.Ct. 1350, 140 L.Ed.2d 499 (1998). Neither are shown in this case. Appellant alleges that a testifying detective lied under oath regarding his knowledge of appellant. First, the detective’s knowledge of appellant’s family would have been known to appellant and his relatives, and appellant has not shown that it could not have been discovered by the use of due diligence. Furthermore, even if the detective had more knowledge of appellant prior to the offense than he admitted in his sworn testimony, appellant has not shown how impeaching the detective with this knowledge could have affected the outcome of the trial.
Appellant also contends that he has discovered that his attorney had a conflict of interest in representing him. However, under the facts he alleges, no conflict existed.
Affirmed.
POLEN and MAY, JJ., concur.