991 So.2d 996 (2008)
Louis CHICKLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1857.
District Court of Appeal of Florida, Fourth District.
October 1, 2008.
Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
*997 Bill McCollum, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Louis Chicklis filed a post-conviction motion alleging ineffective assistance of his trial counsel. See Fla. R.Crim. P. 3.850. The court denied all grounds raised in his motion, some after an evidentiary hearing, and others summarily. Though Chicklis challenges many of the court's rulings, we reverse and remand for further review of two points that were summarily denied.
Chicklis alleges that his trial counsel was ineffective for failing to object to hearsay testimony. At issue is a comment purportedly made by Chicklis's wife that was presented through Chicklis's mother's testimony.
Chicklis was convicted of sexual activity with a child while in a position of familial or custodial authority. The victim was Chicklis's step-sister.
Chicklis, with his wife and child, were living in the house with Chicklis's mother, her husband, and Chicklis's step-sister. Both Chicklis's mother and his mother's husband testified about their observations of the sexual activity.
Our review of the record reflects confusion surrounding the witness's descriptions of the events. There was no physical evidence offered.
Chicklis's wife testified as part of his defense. She testified that the sexual activity as described could not have occurred given her husband's anatomy.
The comment at issue was presented through Chicklis's mother. Chicklis's mother testified that she told Chicklis's wife that she and the baby could stay, but that Chicklis had to leave the home. Chicklis's mother testified that "[s]he [Chicklis's wife] just looked at me and said, `But mom, for one time.'"
There was no objection. The State suggests that counsel did not object for strategic purposes. Our review of the record confirms that hearsay testimony was often presented in this trial without objection by either party. The trial court commented on this as well. Nonetheless, no strategic reason is apparent in connection with this comment, which as Chicklis argues, suggests that his wife tacitly acknowledged that the sexual activity could have taken place, despite her testimony to the contrary.
We reverse and remand for further review of this claim. See Bowman v. State, 748 So.2d 1082 (Fla. 4th DCA 2000). We also remand for the trial court to correct the offense severity level as reflected on Chicklis's scoresheet given his allegations relating to gain time earnings. We affirm the rest of the postconviction court's rulings.
SHAHOOD, C.J., POLEN and TAYLOR, JJ., concur.