NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DONALD L. LaMORE,                    )
                                     )
          Appellant,                 )
                                     )
v.                                   )          Case No. 2D20-37
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                  )
_____)

Opinion filed September 4, 2020.         .

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Charlotte County; George C. Richards,
Judge.

Donald L. LaMore, pro se.


CASANUEVA, Judge.

          Donald L. LaMore appeals the order summarily denying his motion filed

under Florida Rule of Criminal Procedure 3.850 alleging newly discovered evidence.

We reverse and remand for further proceedings.

          The State charged LaMore with fifteen counts of sex offenses against a

child, the daughter of his then girlfriend, A.P.  A jury found him guilty on two counts of

the lesser included offenses of misdemeanor battery and guilty as charged of lewd

sexual battery of a child between twelve and eighteen years of age by one in familial or custodial authority. The jury acquitted him of the other offenses, and the trial court granted LaMore's motion to dismiss one of the misdemeanor batteries. The trial court sentenced LaMore to a year in jail followed by thirty years' imprisonment. The mandate affirming LaMore's appeal of his convictions and sentences issued on March 8, 2011.

In his postconviction motion, LaMore stated that he has always maintained his innocence and that the victim fabricated the allegation of sexual battery through the assistance of family members. He alleged that during their intense arguments, A.P. would threaten to put him away like she did her husband, who was convicted of numerous sex offenses against a child. LaMore alleged newly discovered evidence in the form of an affidavit executed by Kent S. Debney. LaMore claimed that the affidavit demonstrated that A.P. "had the propensity, willingness, and motive to fabricate sexual abuse accusations using her daughter." Debney stated in his affidavit that he and his wife stayed with LaMore and A.P. around February 2001. According to Debney's affidavit, A.P. and LaMore had been arguing most of the day. When LaMore left for the back porch, A.P. became very angry and said that LaMore better watch himself because she knew just what to say to put him in prison for the rest of his life and her girls would swear to anything she told them to say or do. Debney said he would always remember A.P.'s statement "because of the way she said it."

LaMore asserted that in light of the nature of A.P.'s husband's offense, the meaning of A.P.'s threat was that she would have her children lie about being sexually abused to ensure he [LaMore] went to prison for the rest of his life. LaMore also asserted that he had twice thrown the victim out of a residence he shared with two other

- 2 -

men, and she therefore had reasons to assist her mother in "this fiction." He noted that the report of sexual abuse was made less than a week after he threw the victim out the second time.

There are two requirements that must be met for a conviction to be set aside based on newly discovered evidence.

> First, in order to be considered newly discovered, the evidence "must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence." Torres-Arboleda v. Dugger, 636 So. 2d 1321, 1324-25 (Fla. 1994).
>
> Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. Jones[ v. State], 591 So. 2d at 911 [(Fla. 1991)]. To reach this conclusion the trial court is required to "consider all newly discovered evidence which would be admissible" at trial and then evaluate the "weight of both the newly discovered evidence and the evidence which was introduced at the trial." Id. at 916.
>
> In considering the second prong, the trial court should initially consider whether the evidence would have been admissible at trial or whether there would have been any evidentiary bars to its admissibility. See Johnson v. Singletary, 647 So. 2d 106, 110–11 (Fla. 1994); cf. Bain v. State, 691 So. 2d 508, 509 (Fla. 5th DCA 1997). Once this is determined, an evaluation of the weight to be accorded the evidence includes whether the evidence goes to the merits of the case or whether it constitutes impeachment evidence. See Williamson v. Dugger, 651 So. 2d 84, 89 (Fla. 1994).

Jones v. State, 709 So. 2d 512, 521 (Fla. 1998).

The postconviction court found that Debney's affidavit satisfied the first requirement but not the second. Specifically, the court found that A.P.'s statement would not have produced an acquittal on retrial because it was inadmissible hearsay.

- 3 -

As a result, the court denied LaMore's motion. This was error. LaMore specifically alleged in his motion that the newly discovered affidavit of Debney revealed A.P.'s propensity, willingness, and motive to fabricate sexual allegations against him. Thus, A.P.'s statement made in Debney's presence would have been admissible to impeach A.P. as a witness. See Musson v. State, 184 So. 3d 575, 578-59 (Fla. 2d DCA 2016) (explaining that an out-of-court statement not offered to prove the truth of the facts contained therein but to indicate the motive or bias of a witness does not constitute hearsay when offered for impeachment purposes); see also § 90.608(2), Fla. Stat. (2009) ("Any party . . . may attack the credibility of a witness by . . . [s]howing that the witness is biased.").

Because the postconviction court did not evaluate the newly discovered evidence as impeachment evidence, we reverse the postconviction court's order and remand for the court to either attach portions of the record refuting LaMore's claim or to hold an evidentiary hearing.

Reversed and remanded.


MORRIS and ATKINSON, JJ., Concur.