# Third District Court of Appeal
## State of Florida

Opinion filed October 18, 2023
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0603
Lower Tribunal No. F01-292
_____

**Franz Rigg,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Michelle Delancy, Judge.

Daniel A. Callahan, P.A., and Daniel A. Callahan (Fort Lauderdale), for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Jones v. State, 709 So. 2d 512, 521 (Fla. 1998) ("Two requirements must be met in order for a conviction to be set aside on the basis of newly discovered evidence. First, in order to be considered newly discovered, the evidence 'must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence.' Torres–Arboleda v. Dugger, 636 So. 2d 1321, 1324–25 (Fla. 1994). Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial."); Fla. R. Crim. P. 3.850(b)(1) (providing that a claim for postconviction relief must be filed no later than two years after the judgment and sentence become final "unless it alleges that. . . the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence").